101 F.3d 714
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rosa V. ROWLAND-CLUM Petitioner,
v.
DEPARTMENT OF THE ARMY Respondent.
 No. 96-3159.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1996.
 
 Before RICH, CLEVENGER, and SCHALL, Circuit Judges. Rich, Circuit Judge.
 
 Decision
 
 1
 Petitioner Rosa V. Rowland-Clum (Petitioner) appeals the initial decision of the Merit Systems Protection Board which became final February 8, 1996, upon denial of review by the full board. Administrative Judge Hudson (the AJ) affirmed the action of the Department of the Army (Army) abolishing petitioner's GS-8 Social Services Representative position by RIF procedures and reassigning her the position of GS-7 Budget Assistant. In making this determination, the AJ found that the Army had established that its decision to conduct the RIF that abolished petitioner's job was based upon a legitimate management reason, shortage of funds, that the RIF regulations were properly applied to petitioner, and that the agency committed no harmful error when taking the RIF action by failing to provide a "Performance Work Statement" to the union, thereby allowing it to comment, pursuant to Article 18, Section 3 of the negotiated agreement. We affirm.
 
 DISCUSSION
 
 2
 Petitioner questions whether the Army properly established a legitimate management reason for the RIF; whether the AJ properly precluded petitioner's witness, Charles Harris, the contractor who assumed at least part of petitioner's job responsibilities, from giving testimony; and whether the Army breached the collective bargaining agreement by failing to provide a "Performance Work Statement" to the union.
 
 As we have previously stated:
 
 3
 An agency has wide discretion in conducting a reduction in force. This court will not disturb a reduction in force absent a clear abuse of discretion or a substantial departure from applicable procedures. If the agency proves that the reduction in force regulations were invoked for a legitimate reason and that those regulations were properly applied to the individual employees ... the agency action will be sustained.
 
 
 4
 Gandola v. Federal Trade Commission, 773 F.2d 308, 313 (Fed.Cir.1985) (citations omitted).
 
 
 5
 Petitioner is attacking the finding of a legitimate reason for the RIF and the application of that RIF to her position. First, petitioner questions the legitimacy of the shortage of funds reason for the RIF because, she argues, the selection of her position for the RIF did not "save money." Petitioner asserts that through a witness, Charles Harris, who is an outside contractor she alleges assumed the duties of her job, she could establish that the abolishment of her position did not save the Army any money, and was therefore, not the result of a shortage of funds.
 
 
 6
 A shortage of funds is a legitimate reason to conduct a RIF. 5 C.F.R. § 351.201(a)(2) (1995). The AJ's determination that the RIF was conducted because of a shortage of funds is supported by substantial evidence in the record as based on the testimony of two employees of the Army that the RIF was conducted because of a shortage of funds. Specifically, the AJ found that the Army conducted the RIF because it had to reduce personnel in light of a 15 percent reduction in its budget for the 1996 fiscal year. Once a legitimate reason is established for the RIF, we will not look behind the reason or reevaluate the decision of the Army. Gandola, 773 F.2d at 311 ("That decision on the composition and structure of the work force reflects the kind of managerial judgment that is the essence of agency discretion, and is not meet for judicial reevaluation."). Therefore, as the AJ found, the testimony of Charles Harris would not be useful. That petitioner's duties were given to an outside contractor who she alleges was paid more money to do the same work is irrelevant. We find that the determination that the Army conducted the RIF for a legitimate reason was not arbitrary, capricious, or an abuse of discretion. See Bacon v. Department of Housing & Urban Development, 757 F.2d 265, 269 (Fed.Cir.1985) ("If an agency establishes that a RIF was undertaken for any of the five reasons set forth in 5 C.F.R. § 351.201(a), the action must be upheld.").
 
 
 7
 Petitioner's second argument concerns whether the RIF was properly applied to her position. Basically, petitioner argues that she can show harmful error in the application of the Army's procedures in arriving at its decision, which requires us to overturn the action of the agency even where it has established a legitimate reason for conducting the RIF. See 5 C.F.R. § 1201.56(b) (1995). Harmful error is defined as:
 
 
 8
 Error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. The burden is upon the appellant to show that the error was harmful, i.e., that is caused substantial harm or prejudice to his or her rights.
 
 
 9
 5 U.S.C. § 1201.56(c)(3) (1995).
 
 
 10
 Petitioner asserts that because her job duties were "contracted out" to Charles Harris, the Army should have conducted a commercial activity review and provided a performance work statement to the union for its comments in accordance with Article 18 of the collective bargaining agreement. A commercial activity review entails a determination of whether a commercial activity should be performed under contract with commercial sources or in-house using government facilities and personnel. Petitioner asserts that if the Army had followed this procedure, it would not have RIFed her position because the Army would have determined from comments of the union that it would not save any money by such a decision. Therefore, she argues, the Navy committed harmful error in breaching the collective bargaining agreement, and the AJ abused her discretion by refusing to permit Charles Harris to testify that her position was contracted out under the collective bargaining agreement.
 
 
 11
 The parties stipulated to the fact that at least some of the functions of the petitioner's former position were shifted to existing contractors and that one contractor's contract, presumably that of Charles Harris, was amended to include some of the functions. The AJ found that the collective bargaining agreement at issue is a union bargained-for right, which did not give the petitioner any procedural entitlements in the RIF action beyond those to which she was entitled under the applicable RIF regulations.
 
 
 12
 Article 18, Section 2 of the collective bargaining agreement states that "the UNION shall be notified of the functions scheduled for review under the Commercial Activities Program that may have an impact on unit employees." This right was not given to any specific employee of the Army. We agree with the AJ's determination that the contract did not provide any procedural entitlements for petitioner. Therefore, any alleged breach of such contracting provisions was not a harmful error.
 
 
 13
 We need not reach the question of whether petitioner's job was contracted out under the collective bargaining agreement. Therefore, the denial of testimony from Charles Harris on this issue is not an abuse of discretion.